FILED

NOT FOR PUBLICATION

JAN 10 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| **KAVEH KAMYAB,** | No. 09-56160 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-05557-GAF-FMO |
| v. | |
| **DOMINGO URIBE, Jr., Warden,** | **MEMORANDUM**[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted January 7, 2013[**]
Pasadena, California

Before: **KOZINSKI**, Chief Judge, **McKEOWN** and **M. SMITH**, Circuit
Judges.

**1.** A criminal defendant is entitled to an instruction on an affirmative

defense, but only if he presents sufficient evidence to support that defense. See

---

[*] This disposition isn't appropriate for publication and isn't precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Matthews v. United States, 485 U.S. 58, 63 (1988); Bradley v. Duncan, 315 F.3d 1091, 1098–99 (9th Cir. 2002). To be entitled to an instruction on duress regarding the threats to his family, Kamyab had to show sufficient evidence that he had a reasonable belief that the threats against them were both immediate and imminent at the time the crime was committed. People v. Coffman, 96 P.3d 30, 105 (Cal. 2004). The California Court of Appeal concluded, not unreasonably, that Kamyab "was not faced with the choice of the imminent death of his family or executing the requested crime." People v. Kamyab, No. B187608, 2007 WL 1492257, at *6 (Cal. Ct. App. May 23, 2007). Indeed, "[t]he threats to [Kamyab's] family and [his] involvement in the crimes began several weeks before the crimes took place." Id. Kamyab "had ample time to formulate a reasonable and viable course of conduct." Id. He was therefore not entitled to a duress instruction on account of the threats to his family. See Coffman, 96 P.3d at 105–06.

**2.** Officers must cease custodial interrogation when the suspect "unambiguously request[s] counsel." Davis v. United States, 512 U.S. 452, 459 (1994) (emphasis added). The California Court of Appeal concluded that Kamyab's question about calling his attorney was equivocal. Kamyab, 2007 WL 1492257, at *8. The Court of Appeal noted that a "reasonable understanding of

[Kamyab's] question is that he wanted to make sure that he could call a lawyer if he was going to jail at that moment." Id. That conclusion was not an unreasonable application of Supreme Court precedent. See United States v. Younger, 398 F.3d 1179, 1187 (9th Cir. 2005).

**AFFIRMED.**